# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| JEFFREY BOLEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-06119-CV-SJ-DPR-SSA |
| | ) | |
| ANDREW M. SAUL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's Complaint seeking review of a final unfavorable decision by the Commissioner of the Social Security Administration denying his application for disability insurance and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* and 1381, *et seq.* Upon review, the Commissioner's decision will be **REVERSED,** and this matter will be **REMANDED** for further proceedings.

The Court reviews the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court must affirm if the decision is "supported by substantial evidence on the record as a whole." *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010). Substantial evidence is "less than a preponderance but is enough that a reasonable mind would find it adequate to support" the decision. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). The Court considers the evidence that both supports and undermines the decision. *Id.* Even if it is "possible to draw two inconsistent positions from the evidence," the Court must affirm where "one of those positions represents the Commissioner's findings." *Id.*; *see also Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992). In other words, a court should not disturb a denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646

F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

The Court must also review the decision "to determine if there has been an error of law." *Smith v. Schweiker*, 728 F.2d 1158 (8th Cir. 1984).

## I. Background

After conducting a hearing, the Administrative Law Judge ("ALJ") issued a decision in accordance with the requisite five-step evaluation process. *See* 20 C.F.R. §§ 404.1520; 416.920. Of relevance, the ALJ found at step two that Plaintiff has several severe impairments, including "degenerative joint disease of the bilateral shoulders" and "history of fracture of right hand." (Tr. at 12.) Prior to step four, the ALJ formulated Plaintiff's Residual Functional Capacity ("RFC"), finding Plaintiff can perform sedentary work, but with several additional limitations, including that he can only "occasionally reach overhead bilaterally" and "frequently but not continuously push and pull with the bilateral upper extremities." (Tr. at 13.) Based on this RFC, along with testimony from a Vocational Expert ("VE"), the ALJ determined that Plaintiff could perform his past relevant work of service writer, service writer/manager (composite job) and service writer/assistant manager (composite job), and as a result Plaintiff was found to not be disabled. (Tr. at 15-16.) The ALJ also wrote that the VE's testimony "is consistent with the information contained in the Dictionary of Occupational Titles ("DOT") [] and her own experience in the field." (Tr. at 16.)

**II. Effect of severe impairment of history of fracture of right hand**

According to Plaintiff, the RFC is unsupported by substantial evidence, in part because the ALJ determined that Plaintiff has the severe impairment of "history of fracture of right hand" but assigned no limitations as to this impairment and provided no explanation for the absence of any limitations. (Doc. 12 at 21-22.) Defendant responds that the ALJ did include limitations as to Plaintiff's upper extremities, "including only occasional overhead reaching and reduced capacity to push and pull." (Doc. 13 at 13.) Defendant also argues, "the medical evidence does not show that additional upper extremity limitations are required." *Id.*

At step two of the five-step sequential evaluation process, the ALJ must consider whether a claimant has any severe impairments. 20 C.F.R. § 404.1520(a)(4)(ii). An impairment is severe if it "significantly limits [the] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Later in the evaluation, the ALJ must determine the claimant's RFC, which is a person's ability to perform sustained work activities despite limitations stemming from his or her impairments. S.S.R. 96-8p.

Although Defendant argues that the RFC limitations as to overhead reaching and pushing and pulling account for Plaintiff's severe impairment of history of fracture of right hand, these limitations are assigned bilaterally and appear to be intended to address Plaintiff's separate severe impairment of degenerative joint disease of the bilateral shoulders. In contrast, an impairment of the right hand would seem to require limitations as to manipulative functions, such as handling or fingering. As for Defendant's claim that the medical evidence does not show any additional limitations are required, this argument is refuted by the ALJ's own findings. Specifically, the ALJ found that Plaintiff's severe impairment of history of fracture of right hand, was "medically determinable" and "significantly limit[s] the ability to perform basic work

3

activities." (Tr. at 12.) Consequently, because the ALJ failed to explain why he found Plaintiff had the severe impairment of history of fracture of right hand, but then assigned no limitations related to this impairment, the ALJ failed to apply the proper legal standard. *See Reza v. Saul*, 4:19-CV-04124-VLD, 2020 WL 1866477 at *17 (D.S.D. April 14, 2020) (remanding where ALJ found severe impairment of migraine headaches at step two but failed to determine its effect on Reza's ability to work) (*citing Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012)); *Givens v. Astrue*, 251 F. App'x 561, 567 (10th Cir. 2007) (a severe impairment at step two with no limitation in RFC requires remand). As a result, remand for clarification of this issue is required.

### III. Step four determination

Plaintiff argues the ALJ's step four determination that Plaintiff could perform past relevant work is unsupported by substantial evidence and is legally flawed. First, Plaintiff alleges the ALJ erred by failing to resolve an apparent conflict between the VE's testimony and the DOT regarding his ability to perform overhead reaching. Second, Plaintiff claims the ALJ failed to make explicit findings of fact as to the physical and mental demands of Plaintiff's past work as actually performed.

#### a. Conflict as to overhead reaching

Where there is an apparent conflict between the VE's testimony and the DOT, the ALJ "must elicit a reasonable explanation for the conflict before relying on the VE [testimony] to support a determination or decision about whether the claimant is disabled." S.S.R. 00-4p. The ALJ must also "explain in the determination or decision how he or she resolved the conflict." *Id*.

During the hearing, the ALJ presented to the VE a hypothetical individual who could "occasionally reach overhead with both, both arms or both upper extremities." (Tr. at 53.) Per

4

the DOT, "Occasionally" means "up to 1/3 of the time." *Owens v. Colvin*, 727 F.3d 850, 851-52 (8th Cir. 2013). Considering this limitation, the VE testified that such an individual could work as a service writer (DOT # 620.261-018), service writer combined with manager (DOT # 185.167-046) and service writer combined with assistant manager (DOT # 559.687-014). (Tr. at 49-50, 53.) As described in the DOT, however, the job of service writer, or "Automobile-Repair-Service Estimator," DOT # 620.261-018, requires frequent reaching, which exists "from 1/3 to 2/3 of the time." Further, the other two combination jobs, both of which include the job of service writer, would also require frequent reaching. Thus, a conflict appears to exist, because as described by the DOT, all three jobs the VE opined the hypothetical individual could perform are more demanding than the ALJ's hypothetical would allow. *See Kemp v. Colvin*, 743 F.3d 630, 632-33 (8th Cir. 2014) (remand required where ALJ found claimant could "occasionally reach overhead with each extremity," but VE identified DOT job requiring reaching "constantly," with no explanation of the possible conflict); *Moore v. Colvin*, 769 F.3d 987, 989-90 (8th Cir. 2014) (remand required where ALJ found claimant "could only occasionally perform overhead reaching bilaterally," but VE recommended jobs requiring reaching "frequently," with no resolution of this apparent conflict).

At the hearing, the ALJ recognized this conflict, stating, "the DOT doesn't differentiate in degrees of reaching." (Tr. at 54.) The ALJ then asked the VE, "based on your professional experience the jobs that we just talked about could be done by someone only occasionally overhead reaching?" to which the VE replied, "That is correct." *Id.* In the decision, the ALJ "determined that the vocational expert's testimony is consistent with the information contained in the [DOT], and her own experience in the field." (Tr. at 16.) According to the Eighth Circuit, this meets the requirements of S.S.R. 00-4p. *See Twyford v. Comm'r, Soc. Sec. Admin.*, 929 F.3d

5

Case 5:19-cv-06119-DPR   Document 19   Filed 11/04/20   Page 5 of 7

512, 519 (8th Cir. 2019) (finding an apparent conflict between the DOT and the VE's testimony was adequately explained where the "DOT definitions do not specifically address overhead reaching, but the VE testified based on her own experience that the jobs do not require [overhead reaching].") Therefore, because the VE affirmed that the job of service worker could be performed with only occasional overhead reaching based on her professional experience, there was no conflict as to this issue and the ALJ was entitled to rely on the VE's testimony.

### b. Findings as to physical and mental demands of past work

Plaintiff argues that the ALJ committed an additional error at step four by failing to make explicit findings regarding the physical and mental demands of Plaintiff's past work, then failing to compare those demands with his RFC to determine whether he could perform his past work as actually performed. In response, Defendant claims the ALJ fulfilled his duty to make explicit findings by referring to the specific job descriptions in the DOT.

In evaluating whether Plaintiff could return to his past work, the ALJ "was required to make 'explicit findings' regarding the physical and mental demands of [Plaintiff's] past work, and to compare those demands with [his] residual functional capacity to determine whether [he] could perform the relevant duties." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000) (*citing Ingram v. Chater*, 107 F.3d 598, 604 (8th Cir. 1997)).

In the decision, when discussing the composite jobs of service writer/manager and service writer/assistant manager, the ALJ wrote "they cannot be evaluated as work generally performed in the national economy. However, in comparing the demands of this work as actually performed by the claimant to the claimant's residual functional capacity, the claimant is able to perform these jobs as they were actually performed." (Tr. at 16.) Thus, contrary to Defendant's argument, the ALJ's own decision shows that he could not fulfill his duty to make

explicit findings by referring to the specific job descriptions in the DOT, as the DOT shows only how a job was generally performed. As a result, because he failed to make explicit findings regarding the physical and mental demands of the two composite jobs as actually performed by Plaintiff, the ALJ did not make the necessary comparison of the RFC with the demands of Plaintiff's past relevant work as actually performed. This error does not affect Plaintiff's past work as a service writer alone, which was not a combination job and therefore could be performed as generally performed. However, because the Court is remanding this action on other grounds, this error should also be addressed on remand.

### III. Conclusion

As for Plaintiff's remaining arguments, the Court finds that substantial evidence on the record as a whole supports the Commissioner's findings and conclusions. Based on the foregoing, the Commissioner's decision is **REVERSED,** and this matter is **REMANDED** for further proceedings in accordance with this Order pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk's Office is directed to enter a judgment closing this case.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: November 4, 2020